DUBOIS
v.
XIQUES.

## JULES TARDOS *v.* SHIP TOULON AND OWNERS.

Where goods are delivered into the possession of a common carrier, it is for him to show that he used due care for their preservation, for the shipper is not supposed to be present during their transportation, and the goods are in the custody of the owners of the vessel and their agents.

Article 3204 of the Civil Code gives a privilege on the ship for damages due to freighters for the failure in delivery of goods which they have shipped, or for the reimbursement of damages sustained by goods through the fault of the captain or crew.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*Clark & Bayne*, for plaintiff and appellant. *Singleton & Clack*, for defendants.

COLE, J. This suit is to recover the value of two large looking-glasses and frames, placed by plaintiff on board the ship Toulon, to be transported from New York to New Orleans.

When the vessel arrived, and before the boxes were taken out, it was discovered that the glasses were broken.

The testimony establishes that the boxes containing the glasses were sufficiently strong; the planks of the boxes were of the thickness of an inch; the nails were very large, and such as are often used for boxes of this character. Forty-four boxes, received about the same time by the ship Philadelphia, were received from plaintiff in good order. They were put up in the same kind of boxes as those by the Toulon, and were put up by the same persons about the same time; the boxes on the Toulon were marked " glass " in two places in large letters.

*Mr. Hillard*, the agent of the vessel, admitted to one of the witnesses, that the captain of the ship had acknowledged that the boxes had been broken " on board ship," and that the captain claimed that the boxes were not of sufficient strength.

There is testimony to show that the boxes were not adequately strong for glasses of the size of those shipped by the Toulon; but the witnesses of defendant, who contradict those of the plaintiff, appear to have formed their opinion principally from their external appearance.

Hypothetical testimony as to the insufficiency of the strength of the boxes cannot outweigh the positive testimony, that boxes of a similar kind, and put up in the same way, arrived about the same time upon another ship, without being injured.

The bill of lading admitted the receipt of the boxes in good order, but had a stamp on the face, " Not accountable for rust, breakage, or leakage, unless improperly stowed or handled; contents unknown."

" Unless improperly stowed " signifies that the ship shall not be liable if the merchandise be properly stowed. The proof of the character of the stowage is more within the power of the owners of the ship than of the shipper.

The goods are delivered into the possession of the common carrier, and it is for him to show that he used due care; for the shipper is not supposed to be present during their transportation, and the goods are in the custody of the owners of the vessel and their agents.

Even conceding that the common carrier would not be liable for the destruction of the glasses under the exception of breakage, still, in order to exonerate him, it would be necessary to show that the boxes had been properly stowed.

The only evidence upon this point, is that of a stevedore, who discharged the Toulon. He says they were stowed on their edges, and were properly stowed for glass; he was the first one that came to the boxes, and found that the contents were broken.

The defendant has not sufficiently established that the boxes were so stowed as to prevent them from rubbing against other articles; they may have been upon their edges, and yet might have been in motion more or less during the voyage and the appearance of the boxes shows such to have been probably the case.

Defendant received the glasses in good order; it is his duty to explain satisfactorily the cause of their destruction. This he has not done. The evidence of the stevedore is more than counterbalanced by that of the testimony which shows the boxes to have been sufficiently strong, and that many other boxes similar to those shipped by the Toulon, and containing glasses, arrived uninjured; that several parts of the boxes appeared to have been rubbed by some hard substance, that they appeared to have moved about and to have been rubbed and worn by a part of the cargo near them.

It is also shown that broken glasses have no value at all, and that the frames would be but of small value except to a person dealing in such articles.

There is no evidence to show that the frames without the glasses would have been of sufficient value to have paid the expenses of their public sale.

It is established that the glasses and frames were worth $350.

The judgment of the District Court rejected the demand of plaintiff, and rendered judgment against him upon the reconventional demand of $15 99, the amount demanded for the freight of the boxes.

Plaintiff is entitled to a privilege upon the ship for the amount due him. C. C. 3204, § 11. This court has no jurisdiction, on account of its amount, over the demand in reconvention.

It is, therefore, ordered, adjudged and decreed, that the judgment upon the demand of plaintiff be avoided and reversed; that plaintiff recover of defendants *in solido* three hundred and fifty dollars, with five per cent. interest thereupon, from the 29th April, 1857, and the costs of both courts; that the privilege of plaintiff upon the ship Toulon for the payment of this judgment be recognised, and that she be seized and sold to pay this judgment.